**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1693

_____

JESUS MUNOZ-MACEDA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A209-308-370)
Immigration Judge: Rosalind K. Malloy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2023

Before: BIBAS, PORTER, and FISHER, *Circuit Judges*

(Filed: December 14, 2023)

_____

OPINION*

_____

PORTER, *Circuit Judge*.

Jesus Munoz-Maceda is a Mexican citizen who entered the United States illegally.

The government placed him into removal proceedings after he was convicted of driving

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

under the influence. He conceded removability, but applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) because he fears persecution upon returning to Mexico. An immigration judge denied his applications and ordered his removal to Mexico. The Board of Immigration Appeals (BIA) affirmed. Munoz-Maceda now petitions for our review. His opening brief does not challenge the denial of his application for CAT protection, so only his applications for asylum and withholding of removal are properly raised. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief[.]").

To qualify for asylum and withholding of removal, Munoz-Maceda must show a nexus between the persecution he fears and a "protected ground"—race, religion, nationality, membership in a particular social group, or political opinion. Asylum is permitted only for aliens who are refugees. 8 U.S.C. § 1158(b)(1)(A). And "refugee" is defined as an alien who fears persecution "on account of" a protected ground. 8 U.S.C. § 1101(a)(42)(A). Similarly, withholding of removal is permitted only where an "alien's life or freedom would be threatened . . . because of" a protected ground. 8 U.S.C. § 1231(b)(3)(A). Thus, for both asylum and withholding of removal, Munoz-Maceda must show that a protected ground will be "one central reason" for the persecution he fears. *Gonzalez-Posadas v. Att'y Gen. of U.S.*, 781 F.3d 677, 685 n.6 (3d Cir. 2015).

Munoz-Maceda alleges that he will face persecution in Mexico because organized criminals will extort him. Before the BIA, Munoz-Maceda argued that he would face this persecution on account of his political opinions. But the BIA found no evidence to

2

support this nexus. Munoz-Maceda previously had testified that he would face persecution only because of his perceived wealth. And the BIA noted that where persecution is "motivated by a bare desire for money," the nexus requirement is not satisfied. *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 657 (3d Cir. 2007).

We have jurisdiction over this petition under 8 U.S.C. § 1252(a). We review the BIA's nexus determination for substantial evidence, because it is a question of fact. *Thayalan v. Att'y Gen. of U.S.*, 997 F.3d 132, 138 (3d Cir. 2021). Munoz-Maceda "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite" nexus. *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

We hold that substantial evidence supports the BIA's determination that there is no nexus between the persecution Munoz-Maceda fears and any protected ground. Munoz-Maceda consistently testified that he would face persecution only for money. *See* A.R. 127 ("[Criminals] will think that we will carry a lot of money because we were in the United States."); A.R. 131–32 (affirming that "the only" reasons he fears physical harm are his perceived wealth and failure to pay extortion money); A.R. 135 ("[I]f I do not give money, they will harm somebody from my family or myself."). He did not testify that he feared persecution on account of his political opinions, nor for any ground other than money. And "an alien targeted out of a simple desire for money has not experienced persecution on account of a [protected] ground . . . ." *Thayalan*, 997 F.3d at 144.

Munoz-Maceda argues that resistance to extortion is political expression because organized criminals control the Mexican government. But even if this is true, it does not compel the conclusion that Munoz-Maceda faces harm because of political expression. He testified that he will be harmed if he fails to pay extortion money. But he did not testify that criminals will perceive his resistance to extortion as political expression, nor that they will harm him *because* they perceive his resistance as politically motivated. Instead, his testimony supports the conclusion that criminals will harm him, if at all, because they want money.

Finally, Munoz-Maceda challenges the BIA's decision because the Immigration Judge cited to *Matter of A-B- I*, 27 I&N Dec. 316 (AG 2018), which was later vacated. But this is irrelevant. The BIA's nexus determination is dispositive of the denial of Munoz-Maceda's applications for asylum and withholding of removal, and *A-B- I* was not required for that determination.

Because substantial evidence supports the BIA's nexus determination, we will deny the petition for review.